[No. B120000. Second Dist., Div. Four. Aug. 28, 1998.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and MARIO
CHACON, Respondents.

## COUNSEL

Richard A. Krimin, Robert W. Danieri and Don E. Clark for Petitioner.

Finnegan, Marks & Hampton and Ellen Sims Langille as Amici Curiae on behalf of Petitioner.

Manuel P. Graiwer and Susan E. Kaplan for Respondents.

## OPINION

## VOGEL (C. S.), P. J.—

### INTRODUCTION

Mario Chacon entered into a settlement agreement with State Compensation Insurance Fund (SCIF), a workers' compensation carrier. The settlement agreement, which was approved by the Workers' Compensation Appeals Board (WCAB), provided for a structured settlement, including periodical annuity payments of $1,500 and $3,000 to be paid beginning on or about February 15, 1997.

The annuity checks, which were issued and postdated February 15, 1997, by an out-of-state life insurance company, were received February 14, 1997, and deposited. Because the funds were not available until February 19, 1997, the WCAB determined the checks were not immediately negotiable and payable in cash on demand as required by law, and that unreasonable delay had occurred subjecting SCIF to penalty and interest. We reverse, finding no delay in accordance with the approved settlement agreement.

### FACTS

Mario Chacon sustained admitted injury to the knees, spine and heart from a fall at work on September 12, 1988.

Subsequently, the workers' compensation judge (WCJ) awarded 81 percent permanent disability and three 10 percent penalties against SCIF for unreasonable delay in paying various benefits owed,[1] which became final. After protracted litigation and appeals, the WCAB assessed 10 more penalties, which also became final.

---

[1]Labor Code section 5814 states in relevant part, "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts."

Unreasonable delay or refusal occurs when there is no genuine doubt benefits are owed, from a medical or legal standpoint. (*Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223 [93 Cal.Rptr. 192, 481 P.2d 200], and *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242].) For separate and distinct acts of unreasonable delay or refusal, multiple 10 percent penalties can be awarded pursuant to *Christian* v. *Workers' Comp. Appeals Bd.* (1997) 15 Cal.4th 505 [63 Cal.Rptr.2d 336, 936 P.2d 115]. Such acts may involve separate classes of workers' compensation benefits, individual claims for payment or reimbursement of medical or travel expenses, further delay after benefits and penalty have been awarded, or an analogous, legally significant event, like an admission of liability. (*Christian* v. *Workers' Comp. Appeals Bd., supra,* at p. 511 [where a single erroneous

Eventually, the parties entered into a compromise and release (C&R) and a structured settlement agreement, which was approved and awarded by the WCJ on December 27, 1996. As part of the consideration, SCIF was to purchase an annuity which paid $1,500 per month commencing *on or about* February 15, 1997, and $3,000 per month for five more years, also beginning *on or about* February 15, 1997. In addition to other listed payments, SCIF was to pay $400,000 within 25 days of the order approving the C&R, which would include interest.

The C&R further stated all claims of temporary and permanent disability and vocational rehabilitation benefits were settled, including penalty and interest, if payment was received as agreed. SCIF also agreed to guarantee the payments but its obligation was to be discharged upon the mailing of a valid check for the correct amount.

SCIF then purchased an annuity from Keyport Life Insurance Company (Keyport) and so advised Chacon. At trial, Chacon testified he received on February 14, 1997, Keyport checks for $1,500 and $3,000, which were postdated February 15, 1997. At the time Chacon resided in Lynwood but attempted to cash the Keyport checks at Bank of America in Downey rather than his regular branch. Chacon stated he was informed a hold would be placed on the checks because the money had to be collected from an out-of-state bank. The WCJ indicated a personal belief there was no difference in policy between branches.

Chacon further testified that he drove to his attorney's office to cash the checks. When this was declined, he headed toward downtown and stopped at Sterling Bank (Sterling), which was close to his attorney's office. Although Chacon was again informed a hold would be necessary, he opened a new account and deposited the checks. The checks cleared and the funds became available three business days later on February 19, 1997.

---

decision not to pay benefits, followed by 11 subsequent demands for payment, resulted in only one penalty] and *Mote* v. *Workers' Comp. Appeals Bd.* (1997) 56 Cal.App.4th 902 [65 Cal.Rptr.2d 806] [where multiple penalties were assessed for unreasonable delays and refusal in paying various benefits].)

To promote the prompt payment policy of Labor Code section 5814, the 10 percent increase in compensation or penalty is assessed against the entire class of compensation awarded and not just the part unreasonably delayed, even if the latter is comparatively small. (*Rhiner* v. *Workers' Comp. Appeals Bd.* (1993) 4 Cal.4th 1213 [18 Cal.Rptr.2d 129, 848 P.2d 244].)

Further reference to a statute pertains to the Labor Code unless otherwise stated.

Chacon then advised SCIF by letter the payments were not in compliance with sections 4651[2] and 5800,[3] and he would seek multiple penalties under section 5814.

The regional vice-president of Sterling, Donna Dervin, also testified at trial. She stated Sterling normally placed a hold on out-of-state checks for three to five days until the funds became available, except for the first $100, which was also consistent with state and federal banking regulations. This was confirmed in writing to Chacon in a letter dated February 14, 1997.

Dervin stated a hold would have been placed even if the account was not new but also testified it was the only reason for the hold. Dervin further indicated holds may be discretionary and that cash was available on demand with certain modes of payment, such as cashier's checks, Treasury checks, and Postal Service money orders.

The WCJ found four penalties for unreasonable delay, one for each check which could not be cashed on demand and two for the unpaid interest per check. In the opinion on decision, the WCJ noted there was a long line of cases that applied section 4651 to payments pursuant to a C&R.

SCIF petitioned for reconsideration essentially arguing Chacon agreed to an annuity in the C&R and thus section 4651, which only pertained to temporary and permanent disability payments, did not apply. Even if section 4651 did apply, maintained SCIF, there was no violation because the checks were immediately negotiable, unlike the drafts referred to in *Grillo* v. *S. M.*

---

[2]In workers' compensation the law in force at the time of the injury determines the recovery. (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388 [182 P.2d 159].) In 1988, former section 4651 read, "Such permanent or temporary disability payments shall thereafter be made not less frequently than twice in each calendar month, unless otherwise ordered by the appeals board. [¶] No such payment shall be made by any written instrument unless it is immediately negotiable and payable in cash, on demand, without discount at some established place of business in the state. [¶] Nothing in this section shall prohibit an employer from depositing such payment in an account in any bank, savings and loan association or credit union of the employee's choice in this state, provided the employee has voluntarily authorized such deposit."

Effective for injuries after January 1, 1990, "permanent and temporary disability payments" in section 4651 was changed to "disability indemnity payment."

[3]Section 5800 provides that interest is due at the legal rate from the making and filing of a workers' compensation award for benefits payable forthwith. In regards to benefits payable subsequently pursuant to the award, interest runs from the date when such amount becomes due and payable.

*Siino and R. J. Battaglia* (1968) 33 Cal.Comp.Cases 438 (in bank)[4] and *Barney (Christenson)* v. *Esson's Snack Bar* (1979) 44 Cal.Comp.Cases 142 (in bank).[5] SCIF also alleged there was no delay or interest owed since payment was sent and received on or about February 15, 1997, as agreed, and any delay was due to Sterling's internal policy. Finally, it was argued the penalty was so excessive considering the circumstances as to violate due process.

In the report and recommendation on petition for reconsideration the WCJ observed no authority was cited by SCIF indicating structured settlements and annuities were exempt from section 4651, and it would be unfair to single out Chacon.

A majority of the WCAB granted reconsideration but still awarded interest and a single 10 percent penalty for payment with an instrument not immediately negotiable or payable in cash on demand, citing section 4651; *Grillo* v. *S. M. Siino and R. J. Battaglia, supra,* 33 Cal.Comp.Cases 438 (in bank); *Barney (Christenson)* v. *Esson's Snack Bar, supra,* 44 Cal.Comp.Cases 142 (in bank); *CNA Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1983) 48 Cal.Comp.Cases 524 (writ den.)[6] and *Christian* v. *Workers' Comp. Appeals Bd., supra,* 15 Cal.4th 505.

The dissent disagreed, giving several of the reasons expressed in the petition for reconsideration, while adding that SCIF did all it was supposed to and should not be held responsible for banking regulations or internal procedures.

In addition, the dissent maintained the penalty amount was so out of proportion to the minor detriment caused that it was a violation of due process, an issue which was before the Supreme Court in the matter of *State*

---

[4]In *Grillo* v. *S. M. Siino and R. J. Battaglia, supra,* 33 Cal.Comp.Cases 438 (in bank), the injured worker was paid an award by draft, which had to be sent to New York for collection, and the WCAB found section 4651 was violated and affirmed penalty for unreasonable delay.

[5]A "sight draft" was apparently used in *Barney (Christenson)* v. *Esson's Snack Bar, supra,* 44 Cal.Comp.Cases 142 (in bank) for payment of a C&R, which required a discount and delay while collection from Connecticut took place, and violation of section 4651 and penalty was again found by the WCAB.

[6]In *CNA Ins. Co.* v. *Workers' Comp. Appeals Bd., supra,* 48 Cal.Comp.Cases 524 (writ denied), penalty was imposed for a post-C&R check that could not be cashed on demand locally because it contained a Texas address where the injured worker was then residing, and the claims adjuster did not call the bank to assist as requested.

*Comp. Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1998) 18 Cal.4th 1209 [77 Cal.Rptr.2d 528, 959 P.2d 1204].[7]

Both sides petitioned for review.[8] SCIF essentially develops more fully the grounds previously stated in its petition for reconsideration. SCIF also adds that the WCAB failed to explain according to section 5908.5[9] why section 4651 applies to annuities considering the C&R, and the basis for finding unreasonable delay when the funds were received on or about February 15, 1997.[10]

Chacon answered that the case law cited by the WCAB, without contrary authority by petitioner, established section 4651 applied to C&R indemnity payments as does the plain language of the statute. SCIF's failure to comply with section 4651 by arranging payment with out-of-state checks was thus without excuse and unreasonable, and penalty and interest were mandatory

[7]In *State Comp. Ins. Fund* v. *Workers' Comp. Appeals Bd., supra,* 18 Cal.4th 1209, the Court of Appeal upheld as unreasonable a one-week delay in paying temporary disability benefits, where a substitute claims adjuster misread the employer's change of address letter and corrected where the employee's check was sent instead. SCIF argued the delay was not unreasonable and that the penalty of $6,988.80 was so excessive in relation to the detriment caused as to violate due process. For the latter proposition, SCIF cited footnote 8 of *Rhiner* v. *Workers' Comp. Appeals Bd., supra,* 4 Cal.4th 1213, 1226 in which the Supreme Court noted "[t]he employer has not challenged the [section 5814] penalty imposed in this case on the ground that, in relation to the detriment to the injured worker, it is so excessive as to violate due process. (See *Hale* v. *Morgan* (1978) 22 Cal.3d 388, 397-404 . . . . Accordingly, we do not here address the potential due process limitations pertaining to section 5814 penalties. (See Cal. Const., art. III, § 3.5 [administrative agency lacks authority to declare statute unenforceable].)"

In *Hale* v. *Morgan* (1978) 22 Cal.3d 388 [149 Cal.Rptr. 375, 584 P.2d 512], the Supreme Court indicated that penalty statutes, such as Civil Code section 789.3, which mechanically without limit assesses $100 per day against a landlord who willfully deprives a tenant of utilities to effect eviction, although constitutional, can be unconstitutionally applied when the harsh result is wholly disproportionate to any legitimate legislative goal. On remand, the Supreme Court indicated the trial court should closely consider the extent the plaintiff was actually deprived of utility service, having lived elsewhere at times during the period in question.

However, in *State Comp. Ins. Fund* v. *Workers' Comp. Appeals Bd., supra,* 18 Cal.4th 1209, the Supreme Court reversed the Court of Appeal and decided solely that the one-week inadvertent delay under the circumstances was not unreasonable.

[8]Chacon's petition for writ of review pursuing penalty for unpaid interest was denied.

[9]Section 5908.5 requires the WCAB upon reconsideration to state the evidence relied upon and specify in detail the reasons for the decision.

[10]An amicus curiae brief was also filed by California Workers' Compensation Institute, which argued section 4651 was expressly limited at the time to temporary and permanent disability payments, SCIF fully complied with the C&R and there was no unreasonable delay, and policy considerations for both sides strongly favor structured settlements and practical payment.

under *Rhiner* v. *Workers' Comp. Appeals Bd., supra,* 4 Cal.4th 1213, even if the delinquency was comparatively small. Chacon further maintained waiver of the statute was not expressed in the C&R; nor could this be inferred since complying checks were not sent.

## DISCUSSION

■ Even assuming section 4651 applies, it does not follow SCIF violated the statute. This is because section 4651 authorized the WCAB to order payments as agreed,[11] which occurred when the C&R was approved and became final.

While the WCJ and WCAB majority seem to indicate that payment was due on February 15, 1997, despite the express terms of the C&R,[12] it had been previously agreed that payment shall commence on or about February 15, 1997. We also take judicial notice under Evidence Code section 452 that February 14, 1997, the day Chacon received the checks and later deposited them at Sterling, was a Friday, and February 15, 1997, was a Saturday. The following Monday was President's Day, and a legal holiday. It is also undisputed the funds became available by February 19, 1997, well within three business days. Under these facts it is clear SCIF arranged for payment on or about February 15, 1997, and thus complied with section 4651. The legal issue then becomes whether the funds received on February 19, 1997, were within this stipulated period.[13]

Considering the circumstances and the type of transaction involved, we find this margin was provided by the C&R and the WCAB's approval. Therefore, no violation of section 4651 or consequential delay occurred, and penalty or interest was not owed. This is also consistent with the provisions of the C&R waiving penalty and interest if payment was made as agreed. Since this happened, we need not address the reason or cause of the alleged delay, the checks' characteristics, banking regulations or policies, or excessive penalty.

---

[11]*Hulse* v. *Workers' Comp. Appeals Bd.* (1976) 63 Cal.App.3d 221 [133 Cal.Rptr. 678].

[12]The WCAB must accept as true evidence which is uncontradicted and unimpeached. (*McAllister* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 408 [71 Cal.Rptr. 697, 445 P.2d 313] and *Barns* v. *Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 524 [266 Cal.Rptr. 503].)

[13]Legal issues established by undisputed facts are within the purview of the appellate court. (§ 5952 and *Granco Steel, Inc.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 191 [65 Cal.Rptr. 287, 436 P.2d 287].)

## DISPOSITION

The decision of the WCAB is annulled and the matter is remanded for further proceedings consistent with this opinion.

Epstein, J., and Cooper, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.