[No. B116313. Second Dist., Div. Six. Dec. 18, 1998.]

JENNIFER HENRY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, MAMMOTH
MOUNTAIN SKI AREA et al., Respondents.

982

## COUNSEL

Ghitterman & Ghitterman and Allan S. Ghitterman for Petitioner.

W. Peter Godfrey; Leonard J. Silberman; and Susan Wulz Silberman for Respondents Mammoth Mountain Ski Area and L.W.P. Services.

No appearance for Respondent Workers' Compensation Appeals Board.

## OPINION

**GILBERT, J.**—Under Labor Code section 4644, subdivision (a)(6)(B), the liability of an employer for an injured employee's vocational rehabilitation terminates if the employer offers and the employee accepts alternate work lasting 12 months.[1]

Here we hold that a seasonal employee is entitled to only 12 months of alternate seasonal work, not to 12 months of continuous work.

Jennifer Lee Henry (Henry) injured her back while employed as a seasonal ski instructor at Mammoth Mountain Ski Area (Mammoth Mountain). She could not perform her usual work at Mammoth Mountain. Henry requested vocational rehabilitation. Mammoth Mountain offered her alternative employment as a cashier for the following ski season. (§ 4644, subd. (a)(6).) Henry rejected the offer and petitioned for additional relief through the workers' compensation and judicial systems.

Henry contended that the offer does not comply with section 4644, subdivision (a)(6)(B) which requires that the employer offer alternative work in a regular position lasting at least 12 months.[2] The rehabilitation consultant in the workers' compensation rehabilitation unit concluded that the offer of alternative work as a seasonal cashier complied with the requirements of the Labor Code. (See §§ 139.5, 4635 et seq. [regarding bona fide offers].)

Henry appealed the consultant's decision to the workers' compensation referee. In upholding the consultant's determination, the referee stated, "the

---

[1] All statutory references are to the Labor Code unless otherwise stated.

[2] Section 4644, subdivision (a)(6)(B) reads: "(a) The liability of the employer for vocational rehabilitation services shall terminate when any of the following events occur: [¶] . . . [¶] . . . (6) The employer offers and the employee accepts or rejects, in the form and manner prescribed by the administrative director, alternative work meeting all of the following conditions: [¶] . . . [¶] (B) The job provided is in a regular position lasting at least 12 months. An employer who offers alternative work that is available for the 12-month period required by this paragraph meets the requirements of this paragraph even if the employee voluntarily quits prior to the end of the 12-month period."

'cashier' position will last the same period as that of a 'ski instructor[,]' the two positions are deemed comparable and thus meet the spirit and intent of [section] 4644 [(a)] (6)[(B)]."

Henry requested reconsideration by the Workers' Compensation Appeals Board (Board) which also upheld the consultant's decision. The Board stated, "The obligation to furnish a modified job for one year does not require that the period be continuous. In this case, where the employer [*sic*] was seasonal, such modified work is only required during the season and the one year requirement may be satisfied by the cumulative periods of seasonal employment."[3]

The offer of alternative work as a seasonal cashier satisfies the requirement of section 4644 that a qualified injured worker be provided a job in a regular position lasting at least 12 months. We deny the petition.

## DISCUSSION

We decide questions of statutory interpretation. (*Mote* v. *Workers' Comp. Appeals Bd.* (1997) 56 Cal.App.4th 902, 909 [65 Cal.Rptr.2d 806].) The fundamental rule of statutory construction is to ascertain and effectuate the intent of the Legislature in enacting the statute. (*California School Employees Assn.* v. *Governing Board* (1994) 8 Cal.4th 333, 338 [33 Cal.Rptr.2d 109, 878 P.2d 1321].) We construe the workers' compensation scheme as a whole and consider the words used in their usual, commonsense meaning. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) We liberally construe all aspects of workers' compensation law in favor of the injured worker. (§ 3202; *Save Mart Stores* v. *Workers' Comp. Appeals Bd.* (1992) 3 Cal.App.4th 720, 723 [4 Cal.Rptr.2d 597].)

Words do not have fixed meanings; they are symbols of thought whose meanings vary depending upon the context and circumstances in which they are used. (See generally, *Nickelsberg* v. *Workers' Comp. Appeals Bd.* (1991) 54 Cal.3d 288, 298-299 [285 Cal.Rptr. 86, 814 P.2d 1328]; *Nunn* v. *State of*

---

[3]We denied Henry's petition for writ of review and she petitioned for a writ of review from the California Supreme Court. Our Supreme Court granted her petition and transferred the matter back to this court with directions to vacate our order denying the writ petition and to issue a writ of review to be heard before this court.

*California* (1984) 35 Cal.3d 616, 624-625 [200 Cal.Rptr. 440, 677 P.2d 846].) We consider the consequences which would flow from our interpretation and avoid constructions which defy commonsense, frustrate the apparent intent of the Legislature or which might lead to mischief or absurdity. (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].)

■ The factual findings are undisputed. We consider whether those findings are reasonable and we examine the record to discern whether the Board has arrived at an inequitable result in the particular case. (*Chu* v. *Workers' Comp. Appeals Bd.* (1996) 49 Cal.App.4th 1176, 1182 [57 Cal.Rptr.2d 221].) We review the matter " '. . . for fairness, reasonableness, and proportionality in the overall scheme of the workers' compensation law and the purposes sought to be accomplished by that law.' " (*Ibid.*)

■ Section 4644 speaks of a job that is a "regular" position lasting at least 12 months. The California Code of Regulations defines a regular position as "[a] position arising from the ongoing business needs of the employer which consists of defined activities that can be reasonably viewed as required or prudent in view of the company's business objectives and is expected to last at least 12 months." (Cal. Code Regs., tit. 8, § 10122, subd. (k).) The Legislature's intent is to " 'restore the worker to as near his or her previous income-producing status as can be reasonably and properly done.' " (See *Ritchie* v. *Workers' Comp. Appeals Bd.* (1994) 24 Cal.App.4th 1174, 1180 [29 Cal.Rptr.2d 722], quoting 2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (2d rev. ed. 1993) § 35.01, p. 35-7.)

Henry opines that section 4644 always requires employers to offer injured workers assignments for 12 consecutive months. We disagree. The words "consecutive" or "continuous" are not in the statute and we may not add such requirements to it. (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].) Such requirements would frustrate the intent of the Legislature. Moreover, it would lead to an undesirable result. If the statute required 12 months of consecutive work, it would frustrate the needs of numerous employers and employees. Seasonal positions often accommodate the requirements of particular employees. These include teachers, park rangers, resort employees, lifeguards and ski instructors. Here Henry performed such seasonal work after completing her bachelor's degree at the University of California at Santa Barbara while preparing to attend graduate school.

When the employer does provide continuous employment to its injured worker, the employer receives a bonus. The bonus is a refund from the

insurer if the employer returns the injured worker to alternative work for 12 consecutive months. (§ 4638, subd. (a).) But employers are not required to offer better, or more extensive, year-round positions to injured workers; they are only required to restore workers to suitable alternative employment of reasonably similar wages, hours and working conditions for 12 months. (§§ 4635, subd. (f), 4644.) Mammoth Mountain offered such employment to Henry.

The petition is denied. The parties are to bear their own costs.

Stone (S. J.), P. J., and Yegan, J., concurred.

A petition for a rehearing was denied January 5, 1999, and petitioner's application for review by the Supreme Court was denied March 9, 1999.