[No. C028982. Third Dist. Jan. 28, 1999.]

COUNTY OF SACRAMENTO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and ANN LOU
SOUZA, Respondents.

**COUNSEL**

Twohy, Darneille & Frye, Douglas C. Sparks and James C. Farley for Petitioner.

Mastagni, Holstedt & Chiurazzi and Dennis W. Hargrave for Respondents.

**OPINION**

**PUGLIA, J.***—Petitioner, the County of Sacramento (County), seeks review of an order of the Workers' Compensation Appeals Board (Board) awarding Ann Lou Souza a penalty under Labor Code section 5814 for delayed payment of death benefits. Petitioner contends the delay was not "unreasonable" within the meaning of that section and therefore a lesser penalty was warranted. We agree and shall reverse.

Joseph Souza was employed by County as a deputy sheriff. On November 29, 1995, he died of a heart condition which arose from his employment. He was survived by his wife, Ann Souza (Souza). The parties stipulated Souza is entitled to workers' compensation death benefits in the amount of $115,000 to be paid at the rate of $336 per week.

Souza began receiving death benefits in June 1996. However, due to a clerical error, benefit checks were made payable to the deceased. Souza had no difficulty cashing the checks until early October 1996, when her bank announced it would no longer cash checks written to the deceased.

Souza contacted her attorney who in turn called the County. Susan Carter, a workers' compensation analyst, informed Souza's attorney the problem would be resolved. Carter directed a clerical employee to enter the correct

*Retired Presiding Justice of the Court of Appeal, Third District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

payee in the computer system which County used to generate benefit checks. The change was made as directed.

Souza's bank ultimately cashed the October 1 check. When the time came for the October 15 payment, County's automatic check generating system did not "run" as scheduled and 11 checks, including that for Souza, were not issued. County discovered the problem on October 10 and a special request was submitted the next day for manual issuance of a check. However, the request repeated the previous error of naming the deceased as the payee.

On October 15, Susan Carter called the office of Souza's attorney and indicated the October 15 payment would be available for pickup after 4 p.m. The attorney's secretary instructed Carter to mail the check instead. When Souza received the erroneous check, she did not try to cash it. Instead, she sent the check to her attorney who notified County on October 23 of its error. A new check was issued to Souza the same day, along with a penalty of 10 percent of the amount of the check (Lab. Code, § 4650, subd. (d)).

On November 20, 1996, Souza filed a petition pursuant to Labor Code section 5814 for a penalty of 10 percent of the entire death benefit award. (Further statutory references to sections of an undesignated code are to the Labor Code.) Section 5814 reads: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause thereof shall be determined by the appeals board in accordance with the facts. . . ." On April 16, 1997, Souza filed two additional petitions for penalties, one for the delay in commencing payment of benefits until June 1996 and another for the fact the initial checks had listed the deceased as the payee.

County acknowledged its initial delay in payment of benefits had been unreasonable and voluntarily added a 10 percent penalty to the entire award. The Board concluded the delay in connection with the October 15 error had also been unreasonable and assessed an additional 10 percent penalty. However, the Board found there had been no unreasonable delay as to the payments made before October 15.

County contends there is no evidence of delay in connection with the October 15 payment because Souza never attempted to cash the check. County points out Souza's bank always cashed the checks in the past. County further contends any delay in connection with the October 15 payment was not "unreasonable" within the meaning of section 5814 because it was only eight days, was due to a clerical error, and was dictated

more by the conduct of Souza than County. County argues it was Souza's agent who declined to have the October 15 check picked up, thereby introducing the normal delays associated with mailing. It was Souza who chose to send the erroneous check to her attorney rather than try to cash it or contact County directly to resolve the matter. County was not informed of its error until October 23 and issued a corrected check the same day.

Souza contends County has waived any argument there was no delay in issuance of the October 15 payment. We agree. County never raised this issue below and, hence, Souza was never put on notice of the need to present evidence the bank would not have honored the check or that her actions were otherwise reasonable under the circumstances. County in fact acknowledged there had been a delay when it voluntarily paid Souza a penalty pursuant to section 4650, subdivision (d).[1]

Souza further contends the delay in this instance was unreasonable based on the totality of the circumstances.

Our review of a decision of the Board is confined to the question whether, under applicable principles of law, the decision is supported by substantial evidence in light of the entire record. (*Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223, 226 [93 Cal.Rptr. 192, 481 P.2d 200]; *Mote* v. *Workers' Comp. Appeals Bd.* (1997) 56 Cal.App.4th 902, 909 [65 Cal.Rptr.2d 806].) We "may not reweigh the evidence or decide disputed questions of fact. [Citations.] However, [we are] not bound to accept the [Board]'s factual findings if determined to be unreasonable, illogical, improbable or inequitable when viewed in light of the overall statutory scheme." (*Western Growers Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1993) 16 Cal.App.4th 227, 233-234 [20 Cal.Rptr.2d 26].)

The burden is on the employer to establish a delay was not unreasonable. (*Kerley* v. *Workmen's Comp. App. Bd., supra,* 4 Cal.3d at p. 227.) County presented evidence the issuance of a check payable to the deceased on October 15 was due to a clerical error. County's computerized check-generating system had been corrected in early October at Souza's request but the system did not run as expected and Souza's check was not issued. A clerk other than the one who handled the computer correction requested that

[1]Section 4650, subdivision (d) reads in relevant part: "If any indemnity payment is not made timely as required by this section, the amount of the late payment shall be increased 10 percent and shall be paid, without application, to the employee . . . ." This is a strict liability provision requiring payment regardless of fault in connection with the delay. (*Christian* v. *Workers' Comp. Appeals Bd.* (1997) 15 Cal.4th 505, 517 [63 Cal.Rptr.2d 336, 936 P.2d 115].) However, the penalty is much less than that provided in section 5814.

a check be issued manually. However, she repeated the past mistake of designating the deceased as the payee. The erroneous check was available after 4 p.m. on October 15 but Souza's agent chose to have it mailed, delaying its arrival until October 17 or 18. County was first informed of the error on October 23 and issued a corrected check the same day.

Determination of whether a given delay is unreasonable does not depend solely on the number of days payment was delayed but on the totality of the circumstances presented. (*Kampner* v. *Workers' Comp. Appeals Bd.* (1978) 86 Cal.App.3d 376, 382, 383 [150 Cal.Rptr. 222].) The reason for the employer's action or inaction plays an important role. As stated in *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815, 822-823 [153 Cal.Rptr. 590, 591 P.2d 1242]: " '[A] broad requirement of additional award upon every delay in payment of interest could work mischief and inequity. There may be an entirely reasonable excuse for delay. Normal or unavoidable delays in delivery of payment could allow time for accrual of minor sums of interest which would be but de minimis. *Such problems, however, may be met by the board in determining reasonableness of the delay.* Addition of a penalty is expressly limited by section 5814 to payments which are "unreasonably" delayed.' " (Italics in original, quoting from *Laucirica* v. *Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 681, 684 [95 Cal.Rptr. 219].)

In *Gallamore*, the court admonished the Board to strike "a fair balance between the right of the employee to prompt payment of compensation benefits, and the avoidance of imposition upon the employer or carrier of harsh and unreasonable penalties." (23 Cal.3d at p. 828.) In *Rhiner* v. *Workers' Comp. Appeals Bd.* (1993) 4 Cal.4th 1213, 1225 [18 Cal.Rptr.2d 129, 848 P.2d 244], the court explained this statement in *Gallamore* "pertains to the [Board]'s authority to decide whether a penalty should be assessed at all, not to the calculation of the penalty." In other words, the Board must balance the interests of the parties in assessing whether a delay was unreasonable.

In his opinion on decision, the workers' compensation judge (WCJ) concluded there had been no unreasonable delay with respect to checks issued up to and including October 1 because Souza failed to alert County to the problem. However, with respect to the October 15 payment, the WCJ explained: "[T]he applicant affirmatively tried to get the checks issued in her name. The County tried to do it right, but failed again. There was delay, and it was unreasonable."

Although the language of the WCJ's opinion would suggest erroneous use of a strict liability standard, we presume official duty has been regularly

performed (Evid. Code, § 664; *People* v. *Frye* (1994) 21 Cal.App.4th 1483, 1486 [27 Cal.Rptr.2d 52]; *People* v. *Young* (1991) 228 Cal.App.3d 171, 186 [278 Cal.Rptr. 784]) and that the Board considered the totality of the circumstances. However, in our view those circumstances do not warrant the conclusion reached.

It is undisputed the delay was only eight days and could have been less if Souza or her agents had taken prompt action on receipt of the erroneous check. It is also undisputed the reason for the erroneous issuance was clerical error. In *Carver* v. *Workers' Comp. Appeals Bd.* (1990) 217 Cal.App.3d 1539, 1547 [266 Cal.Rptr. 718], the court noted section 5814 "has been applied to delays caused by inadvertence as well as to delays caused by negligence and wilful nonpayment." The court cited two earlier decisions, *Cervantes* v. *Great American Ins. Co.* (1983) 140 Cal.App.3d 763 [189 Cal.Rptr. 761]; and *Kampner* v. *Workers' Comp. Appeals Bd., supra,* 86 Cal.App.3d 376.

In *Cervantes,* plaintiff alleged a willful failure to pay benefits. The plaintiff argued section 5814 cannot be considered the exclusive remedy for intentional torts such as that alleged because it "has been held applicable to delays attributable to mere negligence or inadvertence." (140 Cal.App.3d at p. 771.) No authority was cited for this proposition and the court did not discuss the issue further. However, the court did state: "[I]t is precisely to deter insurers' wilful procrastinations that the Labor Code contains section 5814."

In *Kampner*, the court upheld a ruling by the Board annulling a penalty assessment under section 5814. In its decision, the Board explained: " 'We have some difficulty in understanding applicant's [i.e. petitioners'] emphasis on the argument that even an inadvertent delay can justify a penalty. Nothing in our prior decision disputes this. The fact that an inadvertent delay can justify a penalty does not mean that any delay resulting from inadvertence requires the imposition of a penalty. Instead as we have stated above, the issue of whether a delay was reasonable depends on a multitude of factors. Even an inadvertent delay for an unreasonable period of time will justify the award of a penalty.' " (86 Cal.App.3d at pp. 381-382.)

The *Kampner* court essentially adopted the decision of the Board, with minor qualifications. One qualification noted by the court is that the inadvertence must indeed be innocent. In *Kampner*, the insurer presented evidence the delay was in part caused by the fact it was shorthanded and had a backlog of cases to handle. The court explained: "We . . . do not interpret

the board to hold that a shortage of personnel or heavy workload at the employer or carrier with regard to the adjusting of workers' compensation claims excuses a delay in payment. While such conditions explain a delay, they do not make the delay reasonable." (86 Cal.App.3d at p. 384.)

Souza has cited no cases, and we have found. none on our own, where mere inadvertence alone has been held to be a sufficient basis for finding a delay "unreasonable." As *Kampner* explained, the nature of the inadvertence must be considered in light of the magnitude of the delay, as well as all other relevant factors, in determining whether the delay was unreasonable.

As previously indicated, the delay in the present matter was only eight days and was due to innocent inadvertence. There is no evidence of institutional neglect on the part of County, such as repeated mistakes involving this or other applicants or inadequate personnel or training. It is undisputed County took prompt action when its mistake was discovered.

"[E]very statute should be construed with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect. [Citation.]" (*County of Fresno* v. *Clovis Unified School Dist.* (1988) 204 Cal.App.3d 417, 426 [251 Cal.Rptr. 170].) Section 4650 provides for a 10 percent penalty on any payment which is delayed, regardless of the reason. However, where the delay is "unreasonable," section 5814 prescribes a penalty of 10 percent on the entire award. In our view, before the more drastic remedy of section 5814 may be invoked, there must be something more than mere inadvertence, especially when coupled with only brief delay. On the present record, there is nothing more. We conclude substantial evidence does not support the decision of the Board.

The order of the Board denying reconsideration is annulled. The matter is remanded with directions to grant reconsideration and deny Souza's November 20, 1996, petition for penalty. County shall recover its costs of this proceeding.

Sims, Acting P. J., and Davis, J., concurred.

A petition for a rehearing was denied February 23, 1999, and respondents' petition for review by the Supreme Court was denied April 14, 1999. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.