[Civ. No. 4118.  Second Appellate District, Division Two.—April 6, 1923.]

WILLIAM SHANK, Plaintiff and Respondent, v. P. C. BLACKBURN et al., Defendants; O. V. BLACKBURN et al., Appellants.

[1] APPEAL—TIME—DISMISSAL.—An appeal taken more than two years after the expiration of the sixty days allowed by the code for an appeal from a judgment must be dismissed.

[2] ID.—AMENDED JUDGMENT—RIGHT OF APPEAL.—No appeal lies from an amended judgment which is the same as the original judgment as amended and affirmed by the appellate court.

61 Cal. App.—37

[3] ID. — MOTION TO DISMISS — EXAMINATION OF RECORD — WHEN PROPER.—The rule that the appellate court will not ordinarily entertain a motion to dismiss an appeal which involves an examination of the record in advance of the hearing on the merits is but a rule of convenience to expedite the dispatch of business, and where a mere inspection of the record discloses that no relief can be given to the appellant, the court, to save unnecessary delay and expense to litigants, will not hesitate to make the necessary examination.

[4] ID.—AMENDMENT OF JUDGMENT BY APPELLATE COURT—RIGHT OF APPEAL.—Where the appellate court, instead of giving directions to the lower court to enter an amended judgment, makes its own judgment, and thus ends the litigation, parties who do not join in the appeal from the original judgment within the time provided have no right of appeal from the amended judgment, which is nothing other than the original judgment as modified and affirmed by the appellate court.

[5] ID.—VOID JUDGMENT—REVERSAL ON APPEAL—JURISDICTION OF APPELLATE COURT—ESSENTIAL ELEMENT.—Where an appeal it not taken in time to confer jurisdiction on the appellate court, it cannot reverse the judgment even if the record fails to show that the lower court acquired jurisdiction of the persons of the appellants.

MOTION to dismiss appeals from judgments of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Granted.

The facts are stated in the opinion of the court.

Turner & Grainger for Appellants.

Frank C. Hill and George S. Hupp for Respondent.

FINLAYSON, P. J.—This is a motion to dismiss the appeals of the defendants O. V. Blackburn and Fredericka Blackburn, who have appealed from the original judgment, entered May 10, 1920, and likewise from what purports to be an amended judgment, entered August 24, 1922. Their appeals were taken September 15, 1922.

The action is one of claim and delivery in which several persons besides O. V. Blackburn and Fredericka Blackburn were made parties defendant. On May 10, 1920, a judgment was entered against all of the defendants, the lower court adjudging that the plaintiff "recover of the defendants and each of them" the possession of the personal prop-

erty sought to be replevied, and in case a delivery cannot
be had that he "recover of said defendants and each of
them" the sum of $1,499, the value of the property. The
defendants P. C. Blackburn, Howard A. Kline (sued as
John Doe), and Bertha E. Kline (sued as Jane Doe) took
an appeal from that judgment within sixty days from its
entry. Neither of the two defendants whose appeals re-
spondent is now moving to dismiss joined in that appeal.
The appeal so taken by P. C. Blackburn and the Klines
was heard by division one of the district court of appeal
for this district and was determined by that court on July
21, 1921, its judgment being as follows: "The judgment [of
the superior court] is hereby modified as of the date of
entry thereof by striking out the words 'Fourteen Hundred
Ninety-nine ($1499.00) dollars,' and substituting therefor
the words 'Twelve Hundred Fifty and 57/100ths Dollars
($1250.57).' As thus amended, the judgment is affirmed."
(53 Cal. App. 620 [200 Pac. 762].)

On August 24, 1922, there was entered in the judgment-
book kept by the clerk of the superior court a document,
signed by one of the judges of that court, which purports
to be an amended judgment. The preamble to this second
judgment by the superior court recites the judgment of
the district court of appeal. Then follows what purports
to be the amended judgment, which, word for word, is the
same as the superior court's original judgment as the same
had previously been amended and affirmed by the district
court of appeal.

[1] The motion to dismiss the appeals must be granted.
The appeal from the original judgment was not taken by
these appellants until long after the time provided by law.
It was taken more than two years after the expiration of
the sixty days allowed by the code for an appeal from
a judgment.

[2] No appeal lies from what purports to be the
amended judgment of the superior court, entered August 24,
1922. As we have pointed out, these appellants did not
join in the appeal from the original judgment which was
taken by their codefendants on September 27, 1920. When
the original judgment of the superior court was modified
by the district court of appeal and affirmed as modified,

the litigation was over and the case was ended. (*Heinlen* v. *Beans,* 73 Cal. 240 [14 Pac. 855].)

[3] The rule that this court will not ordinarily entertain a motion to dismiss which involves an examination of the record in advance of the hearing on the merits is but a rule of convenience to expedite the dispatch of business; and where a mere inspection of the record discloses that no relief can be given to the appellant, this court, to save unnecessary delay and expense to litigants, will not hesitate to make the necessary examination. (*Hibernia Sav. & L. Soc.* v. *Doran,* 161 Cal. 118 [118 Pac. 526].) A mere cursory inspection of the record before us suffices to show that the so-called amended judgment which the superior court undertook to enter on August 24, 1922, is precisely the same as that which had been made by the district court of appeal when that court modified the original judgment and affirmed it as modified. The time for appeal from the original judgment having expired and the judgment of the district court of appeal having ended the litigation, the right to appeal could not be revived by the simple expedient of entering what purports to be an amended judgment but which is nothing other than the original judgment as previously modified and affirmed on appeal. (See *Heinlen* v. *Beans, supra.*)

[4] Appellants have cited us to authorities in which the appellate court, instead of modifying the judgment and affirming it as modified, sent the case back with directions to the lower court to make and enter a new or amended judgment in accordance with the directions. An appeal may be taken from such new or amended judgment for the reason that there may be a question whether it was made by the lower court as directed. But here the lower court was not directed to enter a new or amended judgment. The appellate court, instead of giving directions to the lower court to enter an amended judgment, made its own judgment, and thus ended the litigation.

The record before us, consisting of the judgment-roll only, fails to show either the issuance or the service of summons. It also fails to show that any answer or demurrer was filed by either of these appellants. Indeed, respondent has stipulated that, as a matter of fact, no summons ever was served upon either appellant. Wherefore it is claimed that

the judgment appears, on the face of the roll, to be void as to these appellants for want of jurisdiction of their persons. It further is argued that where the judgment is void on the face of the roll it may be reversed on appeal at any time. In effect, appellants' contention is tantamount to the claim that if a judgment be void on its face there is no limit to the time for taking an appeal. The basis for this position, if we rightly understand appellants' argument, is substantially this: An appeal from a judgment is a direct attack thereon (*Eichhoff* v. *Eichhoff,* 107 Cal. 42, 48 [48 Am. St. Rep. 110, 40 Pac. 24]); in a direct attack upon a judgment the record must sustain it (*Sichler* v. *Look,* 93 Cal. 600 [29 Pac. 220]); if the judgment is void on the face of the roll it may be set aside at any time and in any appropriate mode (*People* v. *Greene.* 74 Cal. 400 [5 Am. St. Rep. 448, 16 Pac. 197]).

[5] Without doubt one who has succeeded in conferring jurisdiction upon the appellate court by taking an appeal in time may successfully attack the judgment on such appeal if the record fails to show that the lower court acquired jurisdiction of his person. But here the appeal was not taken in time to confer upon this court jurisdiction of the appeal. We therefore are without power to reverse the judgment even if it be true that the record fails to show that the lower court acquired jurisdiction of the persons of these appellants. But as a matter of fact the record before us does not fail to show that the lower court had acquired jurisdiction. Although it does not show that either appellant was served with summons or that either of them filed an answer or demurrer, and although it is conceded by respondent that no summons was in fact issued or served, nevertheless it is expressly recited in the judgment that certain named attorneys appeared for "the defendants"— which, of course, means *all* of the defendants. An appearance by these appellants could have been made by written notice. But a notice of appearance is not a part of the judgment-roll. Hence the failure to serve these appellants with summons and the absence from the record of any answer or demurrer by them is not inconsistent with the fact recited in the judgment that "the defendants" appeared by certain named attorneys. (*Brown* v. *Caldwell,* 13 Cal.

App. 29 [108 Pac. 874]. See, also, *Estate of Pendergast,* 143 Cal. 135, 139 [76 Pac. 962].)

If, in fact, jurisdiction of the persons of O. V. Blackburn and Fredericka Blackburn was not acquired, and if for that reason the original judgment as modified and affirmed by the district court of appeal, or the so-called amended judgment which was entered in the superior court on August 24, 1922, was void as to those defendants, then they are, of course, entitled to relief 'from such void judgment or judgments. But, for the reasons which we have stated, no relief can be given to them on these appeals.

The appeals are dismissed.

Works, J., and Craig, J., concurred.