[No. B001807. Second Dist., Div. Six. June 1, 1984.]

CARL F. HOFMEISTER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, DEPARTMENT OF
FORESTRY et al., Respondents.

COUNSEL

Ghitterman, Hourigan, Grossman, Finestone & Schumaker, Allan S. Ghitterman and John H. Sugden for Petitioner.

Schummer & Barton and Terence L. Rolbin for Respondents.

OPINION

GILBERT, J.—Petitioner Carl F. Hofmeister seeks review and annulment of the Workers' Compensation Appeals Board's determination as to the rate of awarding temporary disability benefits pursuant to Labor Code section 4661.5.[1] For reasons which shall be explained, we conclude that pursuant to the provisions of the statute, the injured employee is entitled to the benefit of the increased statutory rate in effect when temporary disability payments are made.

### FACTS

On September 20, 1979, Hofmeister, a reserve firefighter and bulldozer operator engaged in the suppression of a major fire, sustained injuries from burns to his body, arms, back, head and legs.

Respondent county denied benefits on the ground that Hofmeister was not a county employee. No temporary disability payments were made until the July 14, 1983, decision that Hofmeister's injuries occurred during the course and scope of employment. At that time, temporary disability and permanent disability benefits were awarded. As to temporary disability benefits, the workers' compensation judge found that Hofmeister was "totally temporarily disabled commencing September 20, 1979 through August 27, 1981, as the result of his injury from burns and is entitled to temporary disability indemnity at a rate of $154.00 weekly for said period." The $154 payment rate was based on the statutory rate in effect as of the date of injury, September 20, 1979.

---

[1]All further statutory references are to the Labor Code, unless otherwise indicated.

In seeking reconsideration, Hofmeister contended that since he did not receive temporary disability benefits until the award of July 14, 1983, the rate of such payments should be computed at the rate of $196 per week, the rate in effect at the time of the award. Upon reconsideration, respondent Workers' Compensation Appeals Board (hereinafter Board) concluded that the rate of temporary disability should be computed at the rate in effect as of the date of injury.

Hofmeister asserts that pursuant to Labor Code section 4661.5 the amount of temporary disability benefits should be the statutory amount prevailing when payment is made, if the employer fails to provide such benefits for two years or more after the injury. A review of section 4661.5 and applicable principles of workers' compensation law demonstrate that Hofmeister's claim is meritorious.

## DISCUSSION

In *Diaz* v. *Borchers Bros., Inc.* (1978) 43 Cal.Comp.Cases 800, the employee sustained a cumulative industrial injury in 1976, resulting in temporary disability beginning in 1977 and continuing thereafter. The employee did not receive temporary disability indemnity from his employer prior to the expiration of the two-year period following the injury. In the interim, there had been a statutory increase in the maximum rate for temporary disability benefits. In determining the proper rate for delayed temporary disability benefits, *Diaz* utilized the pre-1978 version of section 4661.5. (Stats. 1974, ch. 1294, § 1, p. 2818.) The statute then read as follows: "Notwithstanding any other provision of this chapter, the amount of temporary total disability indemnity for compensable injuries, pursuant to this division, that have existed in excess of two years shall be computed using the temporary disability indemnity average weekly earnings amount specified in Section 4453 or 4460 in effect on the date each disability payment is made to the injured employee."

The Board in *Diaz* concluded that former section 4661.5 increased the rate of temporary disability liability after an employee's temporary disability has extended beyond two years from the date of injury; however, it did not change the temporary disability rate within the two-year period, where the payments were delayed by litigation or for other reasons. (*Diaz* v. *Borchers Bros., Inc., supra,* 43 Cal.Comp.Cases at p. 803.) The Board further held that the amount due for the period of disability within the first two years following injury is "determined by the date of the disability and not the date of the payment." (*Ibid.*)

The Board's rationale in *Diaz* was that "[u]tilization of the date of payment would create a distinction between similarly situated injured employ-

ees since two employees injured on the same date might ultimately receive different compensation. If one employee is receiving regular payment that employee will receive less compensation for his or her injury than another employee who receives some or all payments after the expiration of the two-year period. We find nothing to convince us that the Legislature intended such a result." (*Id.*, at p. 804.)

In 1978, the Legislature amended section 4661.5, effective January 1, 1979. (Stats. 1978, ch. 247, § 1, p. 519.) The statute now provides: "Notwithstanding any other provision of this division, *when any* temporary total disability indemnity payment *is made two years or more from the date of injury,* the amount of *such payment* shall be computed in accordance with the temporary disability indemnity average weekly earnings amount specified in Section 4453 or 4460 in effect on the date *each* such temporary total disability payment is made." (Italics added.)

█ Thus, section 4661.5 now expressly requires that when there has been a delay in the payment of temporary disability for two or more years, the weekly earnings amount of such payment shall be at the statutory rate on the date of "payment." The statute makes no reference to rates in effect on the date of "injury."

█ It is an established principle of statutory interpretation that where the words of a statute are clear and unambiguous, its plain language should be followed. (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244]; *IGA Aluminum Products, Inc.* v. *Manufacturers Bank* (1982) 130 Cal.App.3d 699, 703 [181 Cal.Rptr. 859]; *Davison* v. *Industrial Acc. Com.* (1966) 241 Cal.App.2d 15, 17 [50 Cal.Rptr. 76].) Section 4661.5 is clear and unambiguous.

Furthermore, we presume that by amending section 4661.5 and altering its statutory language, the Legislature intended to effect a change in the law and to remove any doubts, by expressly declaring that the amount of "any" payment of temporary total disability is to be based on the date such payment "is made." █ It is well settled that any essential change in the wording of a statute generally bespeaks a legislative intent to change the meaning of such law rather than to merely interpret it. (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 666, fn. 6 [150 Cal.Rptr. 250, 586 P.2d 564]; see *Jordan* v. *Consolidated Mut. Ins. Co.* (1976) 59 Cal.App.3d 26, 48 [130 Cal.Rptr. 446].)

In the present case, the Board relied upon its *Diaz* decision to award temporary disability benefits at the lower rate. However, it is axiomatic that the law in effect at the time of the injury is the law governing all rights and

liabilities arising out of that injury. (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 392 [182 Cal.Rptr. 159]; *Harrison* v. *Workmen's Comp. Appeals Bd.* (1974) 44 Cal.App.3d 197, 202, fn. 5 [118 Cal.Rptr. 508].) ■ ■ ■ ■ Inasmuch as Hofmeister was injured on September 20, 1979, section 4661.5, as amended, is controlling.[2] In view of the clear wording of section 4661.5, the Board erroneously calculated the rate of delayed temporary disability benefits at the rate in effect on the date of injury rather than the rate in effect on the date of payment.

Respondent county alternatively argues that if section 4661.5 allows an increased rate of temporary disability benefits pursuant to a "date of payment" rule, the legislation imposes, in effect, a "penalty" on respondent for its delay in the payment of such compensation. It is apparent, however, that the statute's increased rates in indemnity payments (§§ 4453, 4460) are designed to reflect current inflationary conditions. Thus, the Legislature had to determine whether the injured worker or the employer should suffer the consequences of inflation concomitant with delayed payments. It is not the function of this court to question the wisdom of the Legislature's choice. (*Estate of Horman* (1971) 5 Cal.3d 62, 77 [95 Cal.Rptr. 433, 485 P.2d 785].)

Our conclusion that the "date of payment" determines the rate of delayed temporary disability benefits is consistent with the basic purpose of the Legislature in enacting the workers' compensation act. Pursuant to article XIV, section 4 of the California Constitution, the overall purpose of workers' compensation is to provide "for the comfort, health and safety and general welfare of any and all workers and those dependent upon them for support to the extent of relieving from the consequences of any injury . . . incurred or sustained by workers in the course of their employment, . . . [and] full provision for otherwise securing the payment of compensation; . . ." ■ In addition, the Supreme Court has consistently applied the long accepted rule that, "the Workers' Compensation Act is to be construed liberally for the purpose of extending its benefits for the protection of persons injured in the course of their employment [citation]." (*Braewood Convalescent Hospital* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 159, 168 [193 Cal.Rptr. 157, 666 P.2d 14].) This principle has been codified in Labor Code section 3202, which declares that Labor Code provisions relating to workers' compensation "shall be liberally construed by the courts with the

---

[2]We are unable to accept the Board's additional rationale that section 4661.5 is inapplicable because the section does not specifically mention section 4458. Section 4458 refers to workers, like applicant, who are injured while engaged in suppressing fires, and provides that firefighter disability compensation "shall be taken at the maximum fixed . . . in Section 4453." Section 4453, which sets forth the computation rates of average weekly earnings for temporary disability indemnity, is expressly included in the language of section 4661.5.

purpose of extending their benefits for the protection of persons injured in the course of their employment."

■ Here, Hofmeister was seriously burned and totally disabled from September 20, 1979, to August 27, 1981; however, his right to temporary disability benefits was not determined until almost four years after his injury. Consequently, the Board should have awarded him the change in benefit rates during that inflationary period in order to "relieve the consequences of his injury."

That portion of the order on reconsideration of respondent Workers' Compensation Appeals Board and the related findings and order of the workers' compensation judge which designates the rate of temporary disability benefits at $154 per week are annulled; and the matter is remanded for further proceedings consistent with the views expressed herein. In all other respects, the decision of the Board is affirmed.

Stone, P. J., and Abbe, J., concurred.

The petition of respondent County of Ventura for a hearing by the Supreme Court was denied July 25, 1984.