Opinion
 

 VOGEL (C. S.), P. J.
 

 Introduction
 

 Petitioner, Midas Recovery Services, Inc., seeks a writ of review from the findings and award and order of a workers’ compensation judge determining
 
 *1323
 
 that petitioner, a lien claimant seeking reimbursement for disability benefits paid to an injured worker, was not entitled to the benefit of the provisions of Labor Code section 4661.5.
 
 [1]
 
 Petitioner also seeks review of the order of the Workers’ Compensation Appeals Board denying its petition for reconsideration. We find that the order of the workers’ compensation judge and the board’s order denying reconsideration were in error. Having issued a writ of review, we now annul the decision of the board.
 

 Factual and Procedural Background
 

 Lavell Crawford sustained psychiatric and other injuries during the period of October 1989 to October 1990 in the course and scope of his employment by California Federal Bank. It was later stipulated by the parties that he was temporarily totally disabled from March 24, 1991, to August 10, 1992. However, when Crawford filed a claim for benefits in November 1990, the claim was denied by his employer. The employer, through its insurance company CNA Insurance Companies, did not pay workers’ compensation benefits at that time. If paid during that period, the employer’s payments would have been at the rate of $266 per week.
 

 However, Crawford’s long-term disability provider, Phoenix Home Life Insurance Company, paid him benefits exceeding $448 per week for the period of March 24, 1991, to August 10, 1992. As of July 1994, petitioner became the assignee of Phoenix Home Life Insurance Company for the purpose of seeking reimbursement of the disability payments made by Phoenix. In that capacity, petitioner filed a lien in the amount of $32,064, pursuant to section 4903.1, for reimbursement of the disability payments made by Phoenix.
 

 In August 1995, the workers’ compensation judge approved a settlement by compromise and release between Crawford and respondents in the amount of $65,000. As part of the compromise and release, it was agreed that petitioner’s lien was to be paid, adjusted, or litigated separately. The parties agreed that the period of reimbursement covered March 24, 1991, to August 10, 1992, but could not agree on the applicable weekly rate. The matter went to trial on January 29, 1996. Petitioner contended that it was entitled to the rate in effect at the time payment of the lien would be made, or $448 per week, pursuant to section 4661.5, since it had been two years since the date of injury. Respondent argued that the rate in effect during the period of temporary disability, or $266 per week, applied instead, and that section 4661.5 was inapplicable.
 

 
 *1324
 
 On March 18, 1996, the workers’ compensation judge found for the employer, deciding that section 4661.5 did not apply to lien claimants who provide disability payments to injured employees. It thus awarded reimbursement to petitioner at the rate of $266 per week.
 

 On April 9, 1996, petitioner filed a petition for reconsideration with the Workers’ Compensation Appeals Board. The workers’ compensation judge issued a report and recommendation on April 10, 1996, in which he opined that section 4661.5 is an anti-inflationary measure designed to advantage injured workers, not for the benefit of lien claimants such as petitioner, relying on
 
 Hofmeister
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1984) 156 Cal.App.3d 848 [203 Cal.Rptr. 100]. The board denied the petition for reconsideration on June 5, 1996, adopting the workers’ compensation judge’s report and recommendation. Petitioner then filed the petition for writ of review which we granted to resolve the issue presented.
 

 Discussion
 

 Section 4661.5 provides that “Notwithstanding any other provision of this division, when any temporary total disability indemnity payment is made two years or more from the date of injury, the amount of this payment shall be computed in accordance with the temporary disability indemnity average weekly earnings amount specified in Section 4453 in effect on the date each temporary total disability payment is made unless computing the payment on this basis produces a lower payment because of a reduction in the minimum average weekly earnings applicable under Section 4453.”
 

 By its terms, section 4661.5 is not limited in its application to temporary disability indemnity payments made to the injured employee. “It is an established principle of statutory interpretation that where the words of a statute are clear and unambiguous, its plain language should be followed. [Citations.]”
 
 (Hofmeister
 
 v.
 
 Workers’ Comp. Appeals Bd., supra,
 
 156 Cal.App.3d at p. 852.) Significantly, we note that section 4661.5 was amended in 1978, and formerly read: “Notwithstanding any other provision of this chapter, the amount of temporary total disability indemnity for compensable injuries, pursuant to this division, that have existed in excess of two years shall be computed using the temporary disability indemnity average weekly earnings amount specified in Section 4453 or 4460 in effect on the date each disability payment is made
 
 to the injured employee.”
 
 (Italics added.) Had the Legislature wished to do so in amending the statute, it could have retained the prior language referring to payments made to the injured employee and thus limited the applicability of
 
 *1325
 
 section 4661.5. Instead, it chose to delete that language, indicating that third parties with an interest in the collection of disability payments, such as lien claimants like petitioner, may benefit from the provisions of section 4661.5 as well.
 

 Respondent argues that section 4661.5 is a codification of the case of
 
 Hofineister
 
 v.
 
 Workers’ Comp. Appeals Bd.., supra,
 
 156 Cal.App.3d 848, which held that the purpose of section 4661.5 is to protect injured workers and their dependents. While the
 
 Hofineister
 
 case, decided in 1984, interpreted section 4661.5, it is incorrect to say that section 4661.5, enacted in 1974 and subsequently amended in 1978 and 1989, is a codification of
 
 Hofineister.
 
 In any event,
 
 Hofineister
 
 did not establish that lien claimants such as petitioner are not entitled to the benefit of section 4661.5.
 

 We find that a lien claimant which has previously made disability payments to an injured worker stands in the shoes of the injured worker for purposes of collecting reimbursement from the employer, who refused to pay disability benefits when they were rightfully owed. The lien claimant should receive the full benefit of section 4661.5 which, as discussed above, by its express language is not limited to payments to injured employees. Petitioner thus should have been awarded reimbursement at the rate of $448 per week.
 

 Disposition
 

 The decision of the Workers’ Compensation Appeals Board is annulled. The matter is remanded to allow entry of an award in favor of petitioner consistent with the views expressed herein. Petitioner to recover costs on appeal.
 

 Epstein, J., and Hastings, J., concurred.
 

 [1]
 

 All further statutory references are to the Labor Code.