[No. A114506. First Dist., Div. Two. Jan. 5, 2007.]

NESTLÉ ICE CREAM COMPANY, LLC, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and KEN RYERSON,
Respondents.

---

## COUNSEL

Parente & Christopher, John J. Parente and Alison E. Howell for Petitioner.

Neil P. Sullivan and Vincent Bausano for Respondent Workers' Compensation Appeals Board.

Gearheart & Otis and Mark E. Gearheart for Respondent Ken Ryerson.

---

## OPINION

**KLINE, P. J.**—A workers' compensation judge (WCJ) awarded disability and vocational rehabilitation benefits to respondent Ken Ryerson (Ryerson). At Ryerson's request, the WCJ amended the award to correctly state the names of the parties and to increase the amount awarded. Employer Nestlé Ice Cream Company, LLC (Nestlé), filed a petition for reconsideration before the Workers' Compensation Appeals Board (Board) that was timely as to the amended award, but untimely as to the original award. The Board dismissed the petition as untimely.

When an award is amended by the WCJ before a petition for reconsideration is filed, the time for seeking reconsideration runs from the date of the original order when the amendment is clerical in nature. When the amendment effects a substantial or material change in the award or involves the exercise of a judicial function or judicial discretion, the time runs instead from the date of the amended order. In this case, the WCJ's amendment effected a substantial and material change in the award and amounted to a judicial act, rather than the mere correction of a clerical error. We annul the Board's order dismissing the petition for reconsideration as untimely and remand the matter for resolution on the merits.

### FACTS AND PROCEDURAL HISTORY

Ryerson worked as a financial analyst for Nestlé, which is self-insured for purposes of the workers' compensation law. He developed back, neck and

wrist problems and filed a worker's compensation claim for cumulative trauma during a period ending on November 1, 2001. Ryerson was placed on leave and was diagnosed with chronic cervical and thoracic strain, bilateral cervicobrachial syndrome and repetitive strain injury. These conditions were exacerbated when Ryerson used a computer keyboard, which his job required him to do almost continuously.

Ryerson's primary treating physician was Dr. Brendan Morley, who declared on March 2, 2004, that Ryerson could return to work with the restriction that he could work no more than eight hours a day or 40 hours a week. Dr. Morley released Ryerson to resume his full duties without restriction on April 27, 2004, and pronounced his condition permanent and stationary as of July 15, 2004. On November 8, 2004, Dr. Morley wrote a report clarifying that he had fully released Ryerson in April because Nestlé would not allow him to return with any restrictions and Ryerson wanted to resume his duties. Meanwhile, a rehabilitation plan was developed to enable Ryerson to become a real estate broker, which would require less desk time and less work on a computer.

The case went to trial before the WCJ, who found that Ryerson had become permanent and stationary on July 15, 2004, and was 28 percent disabled, entitling him to a total of $19,337.50 in permanent disability benefits. (Lab. Code, § 4658.)[1] She awarded additional temporary disability benefits at $728 per week from March 22, 2004 (the date temporary disability payments had ceased), through July 15, 2004 (the date Ryerson was declared permanent and stationary). (§§ 4650, subd. (a), 4653.) She determined that Ryerson was entitled to a vocational rehabilitation maintenance allowance at the temporary disability rate with no cap, and set a split rate of $728 per week through December 31, 2004, and $840 per week thereafter. (§ 139.5; former § 4642.) The WCJ further found that Nestlé had unreasonably delayed in providing vocational rehabilitation services and in making permanent disability advances, warranting a 25 percent penalty as to each. (§ 5814, subd. (a).)

The WCJ's findings and award were filed and served on April 3, 2006. Ryerson's counsel sent a letter to the WCJ on April 10, asking her to correct the names of the parties in the text of the award, which erroneously stated "AWARD IS MADE in favor of Marsha Hattem and against Safeway Inc., et al. . . ." Counsel also asked that the court increase the rate of temporary disability and the vocational rehabilitation maintenance allowance to $840 per week for the entire period rather than $728 per week for portions thereof, because retroactive temporary disability must be calculated at the current rate, rather than the rate applicable to the period of disability, when payment is

---

[1] All further statutory references are to the Labor Code unless otherwise indicated.

made more than two years after the date of injury. The WCJ issued an order amending the findings and award, which made the changes requested and was filed and served on April 14, 2006.

Nestlé filed a petition for reconsideration on May 4, 2006, 20 days after the amended award was filed and served. In that petition, Nestlé alleged: (1) temporary disability should not have been awarded for the period after March 2, 2004, when Ryerson was released for work with the only restriction being an eight-hour work day and 40-hour work week; (2) Ryerson was not entitled to vocational rehabilitation benefits when he had been released to return to work and even if he was, the amount awarded was excessive when the statute authorizing payment at the rate of temporary disability without a cap (former § 4642) had been repealed; and (3) the Board exceeded its powers when it awarded penalties based on unreasonable delay in providing rehabilitation benefits and advances for permanent disability. Ryerson argued in opposition that the petition for reconsideration was late because such petitions must be filed within 20 days of the date an award is served (§ 5903), and Nestlé's was not filed within 20 days of the date of service of the original award. Nestlé responded that the petition should not be dismissed when it was filed and served within 20 days of service of the amended award.

The Board dismissed the petition for reconsideration as untimely without a discussion of the merits, although it remanded the case to the WCJ to correct the award in two unrelated respects: (1) temporary disability was awarded through April 27, 2004, the date Ryerson was released to return to work with no restrictions, rather than July 15, 2004, the date his condition became permanent and stationary; and (2) the amount of penalties for the delay in providing benefits was capped at $10,000, as required by statute. Nestlé seeks a writ of review, arguing that its petition for reconsideration was timely, and raising the same challenges to the award as were raised in that petition.

## DISCUSSION

■ A petition for reconsideration must be filed within 20 days of service of the WCJ's award. (§ 5903.) The Board is without jurisdiction to grant an untimely petition. (*Scott v. Workers' Comp. Appeals Bd.* (1981) 122 Cal.App.3d 979, 984 [176 Cal.Rptr. 267].) Nestlé's petition for reconsideration was filed and served more than 20 days from the date of service of the WCJ's original award on April 3, 2006, but within 20 days of service of the amended award on April 14, 2006. Ryerson and the Board argue that the 20-day period ran from the date of the original award and that the reconsideration petition was properly dismissed.

■ Title 8, section 10858, of the California Code of Regulations allows the WCJ to correct a mathematical, clerical or procedural error in the award

or to modify it for good cause before a petition for reconsideration is filed.[2] Title 8, section 10859 of the California Code of Regulations, allows a WCJ to amend or modify the award within 15 days after the date a timely petition for reconsideration is filed and specifies that the time for filing a (second) petition for reconsideration runs from the date of the amended order.[3] No petition for reconsideration had been filed when the WCJ issued her amended order in this case, so title 8, section 10858 applies.

■ Section 10858 of title 8 of the California Code of Regulations, unlike section 10859, does not specify whether an amendment to the award triggers a new 20-day period for filing a petition for reconsideration. No published appellate decision is on point, but Board panels faced with amendments made by a WCJ before a petition for reconsideration is filed have calculated the 20-day period to run from the date of the original order when the amendment is merely "clerical." (*Los Angeles County-U.S.C. Medical Center, PDI, c/o Presidium, Inc. v. Workers' Comp. Appeals Bd.* (1999) 64 Cal.Comp.Cases 565 [writ den.]; *City of Concord v. Workers' Comp. Appeals Bd.* (1998) 63 Cal.Comp.Cases 1522 [writ den.]; *Rockwell International Corporation v. Workers' Comp. Appeals Bd.* (1988) 53 Cal.Comp.Cases 92 [writ den.].) By contrast, an amendment correcting a judicial error triggers a new 20-day period for a petition for reconsideration. (*Johns-Manville Corporation v. Workers' Comp. Appeals Bd.* (1990) 55 Cal.Comp.Cases 315 [writ den.].)

In the case of a civil judgment, the period for filing a notice of appeal is not extended by an amendment that corrects a clerical error, but it is extended by an amendment that effects a substantial or material change or involves the exercise of a judicial function or judicial discretion. (*Stone v. Regents of University of California* (1999) 77 Cal.App.4th 736, 743–744 [92 Cal.Rptr.2d 94]; *CC-California Plaza Associates v. Paller & Goldstein* (1996) 51 Cal.App.4th 1042, 1048 [59 Cal.Rptr.2d 382].) " 'The effect of an amended judgment on the appeal time period depends on whether the amendment substantially changes the judgment or, instead, simply corrects a clerical error: . . . When the trial court amends a nonfinal judgment in a manner amounting to a *substantial modification* of the judgment (e.g., on motion for new trial or motion to vacate and enter different judgment), the amended

---

[2] "Before a petition for reconsideration is filed, a workers' compensation judge may correct the decision for clerical, mathematical or procedural error or amend the decision for good cause under the authority and subject to the limitations set out in [sections 5803 and 5804.]" (Cal. Code Regs., tit. 8, § 10858.)

[3] "After a petition for reconsideration has been timely filed, a workers' compensation judge may, within the period of fifteen (15) days following the date of filing of that petition for reconsideration, amend or modify the order, decision or award or rescind the order, decision or award and conduct further proceedings. . . . The time for filing a petition for reconsideration pursuant to Labor Code section 5903 will run from the filing date of the new, amended or modified [order]. . . ." (Cal. Code Regs., tit. 8, § 10859.)

judgment supersedes the original and becomes the appealable judgment (there can be only one "final judgment" in an action [citation].) Therefore, a new appeal period starts to run from notice of entry or entry of the *amended* judgment. . . . On the other hand, if the amendment merely corrects a *clerical error* and does not involve the exercise of judicial discretion, the original judgment remains effective as the only appealable final judgment; the amendment does *not* operate as a new judgment from which an appeal may be taken.' " (*CC-California Plaza Associates, supra,* at p. 1048, quoting Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 1995) ¶¶ 3:56 to 3:56.2, pp. 3-19 to 3-20.)

■ A challenge to a WCJ's award via a petition for reconsideration is analogous to an appeal from a civil judgment, and the distinction between clerical and judicial acts is a sound one when determining whether the time for seeking reconsideration runs from the date of the original or amended award. The timeliness of Nestlé's petition thus depends on the nature of the amendment. If it was merely clerical, the petition was filed too late. If, on the other hand, it effected a substantial or material change, or involved a judicial act, the petition was timely and should have been considered on its merits. In determining whether an amendment to a judgment is clerical in nature, the question is " 'whether the error [corrected] was made in rendering the judgment, or in recording the judgment rendered.' " (*In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729].)

The amendment in this case had two components: the correction of the parties' names in the award and the increase in the weekly rate of benefits. To the extent the amendment changed the names of the parties in the award, the situation is similar to that presented in *CC-California Plaza Associates v. Paller & Goldstein, supra,* 51 Cal.App.4th 1042, in which a judgment of nonsuit incorrectly stated which party had lost the motion. We concluded that an amendment correcting the name of the losing party was not merely clerical. "To us the issue is relatively easy; we cannot imagine a more substantial or material change in the form of a judgment than in the identity of the losing party. . . . [I]t was hardly a mere 'clerical' correction when . . . the trial court changed the judgment to reflect the correct name of the losing party on the nonsuit motion." (*Id.* at pp. 1048–1049.)

Nestlé argues that the use of the wrong names in the original award was clerical error because it is clear the WCJ did not deliberate on the issue and decide to use the names of two parties who have no involvement in these proceedings. Even if we were to conclude that the use of the wrong names was, under these specific circumstances, the equivalent of an error in the

recording of the judgment (*In re Candelario, supra,* 3 Cal.3d at p. 705), the other aspect of the amendment, which increased the amount of the award, cannot be characterized as such.

In addition to changing the parties' names, the WCJ amended the award to increase the amount of retroactive temporary disability payments and the vocational rehabilitation maintenance allowance so that all were made at the higher weekly rate of $840 that was in effect at the time of the award. A portion of the original award had been calculated by using the lower temporary disability rate in effect until December 31, 2004, but Ryerson's counsel argued in a letter to the WCJ after the award issued that the more generous rate was required by section 4661.5, which provides: "[W]hen any temporary total disability indemnity payment is made two years or more from the date of injury, the amount of this payment shall be computed in accordance with the temporary disability indemnity average weekly earnings amount specified in Section 4453 in effect on the date each temporary total disability payment is made. . . ." Counsel also cited *Hofmeister v. Workers' Comp. Appeals Bd.* (1984) 156 Cal.App.3d 848 [203 Cal.Rptr. 100], a decision that construed the statute to require payment at the current, higher rate when temporary disability has extended more than two years from the date of the injury.

■ Payment of benefits at a higher rate constituted a substantial and material change in the award. Amending the award to comport with section 4661.5 and the case law applying it was a judicial function, not merely a clerical one. It is of no moment that Nestlé is not currently challenging the aspects of the award that were changed by the amendment. The issue is whether the amendment was of sufficient import that it superseded the original award. In this case it did, and the time for filing a petition for reconsideration ran from the time of the amended award.

When reviewing the Board's dismissal of the petition, we consider whether it acted without or in excess of its powers, and whether its order was unreasonable, not supported by substantial evidence, or procured by fraud. (§ 5952.) Even if we accord "great weight" to the Board's application of the statutes governing the timing of a petition for reconsideration (see *Rea v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 625 [25 Cal.Rptr.3d 828]), the order dismissing Nestlé's petition as untimely was unreasonable when reconsideration was sought within 20 days of service of an amended order that effected a substantial and material change in the award and involved a judicial act.

## DISPOSITION

The Board's order dismissing the petition for reconsideration as untimely is annulled. The case is remanded to the Board for consideration of the issues raised in that petition on their merits. The parties shall bear their own costs herein.

Haerle, J., and Lambden, J., concurred.