Filed 2/23/23  Stahl Law Firm v. Apex Medical Technologies CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| STAHL LAW FIRM et al., | D079097 |
| Plaintiffs, Cross-defendants and Appellants, | |
| v. | (Super. Ct. No. 37-2010-00097839-CU-CO-CTL) |
| APEX MEDICAL TECHNOLOGIES, INC., et al., | |
| Defendants, Cross-complainants and Respondents; | |
| ALICE DEPAUL et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Katherine A. Bacal, Judge.  Dismissed.

Norbert Stahl for Plaintiffs, Cross-defendants and Appellants.

Arthur A. Wellman, Jr., for Defendants, Cross-complainants and Respondents.

Norbert Stahl, doing business as Stahl Law Firm, purports to appeal the amended judgment the superior court entered after we issued the remittitur in a prior appeal in which we modified the judgment and affirmed it as modified. Because the superior court took no new judicial action in amending the judgment to include the modification we ordered in the prior appeal and Stahl was not injured by the amendment, Stahl may not appeal the amended judgment. We therefore dismiss the appeal.

I.

BACKGROUND

A.     *The Patent Infringement Action*

Stahl represented Apex Medical Technologies, Inc. (Apex), and Zone Medical, LLC (Zone), in a patent infringement action by a third party. Mark McGlothlin signed the retainer agreement on behalf of Apex and Zone. When McGlothlin was later added as a defendant in the action, Stahl also represented him. The jury returned verdicts against Apex, Zone, and McGlothlin, and awarded the third party several million dollars in damages. The parties later settled the action and agreed to entry of a consent judgment.

B.     *The Fee Action*

Stahl sued Apex, Zone, McGlothlin, and two others alleged to be owners and officers of Apex and Zone (Alice DePaul and Michael Marasco) to recover $103,465.15 in unpaid fees for legal services he had provided in the patent infringement action. Stahl asserted counts for breach of contract and breach of the implied covenant of good faith and fair dealing against Apex and Zone and common counts against Apex, Zone, McGlothlin, DePaul, and Marasco.

2

Apex, Zone, and McGlothlin cross-complained against Stahl for damages for professional malpractice and breach of fiduciary duty in his representation of them in the patent infringement action.

The action proceeded to a jury trial. Stahl moved for a nonsuit on the cross-complaint, which the superior court granted on the professional malpractice count and denied on the breach of fiduciary duty count. The jury returned verdicts against Stahl on the complaint and the cross-complaint, and awarded Apex, Zone, and McGlothlin damages of $156,192.60, $52,064.20, and $312,385.20, respectively. The court entered judgment in conformity with the verdicts, and later awarded respondents costs and Apex and Zone attorney fees.

C.     *Prior Appeals*

Stahl appealed the judgment and claimed the damages awarded to Apex, Zone, and McGlothlin had to be vacated as a matter of law based on the allegations of damages in the cross-complaint, the trial court's nonsuit ruling, and the jury's findings. We held the jury properly awarded as damages to Apex and Zone the attorney fees they had paid Stahl in the patent infringement action, but the award to McGlothin was improper because he personally had paid no fees. We also rejected Stahl's claim that the award of costs had to be vacated, noting that all respondents had prevailed on his complaint. We therefore modified the judgment by striking the $312,385.20 in damages the jury awarded McGlothlin and affirmed the judgment as modified. (*Stahl Law Firm v. Apex Medical Technologies, Inc.* (Aug. 26, 2020, D072906) [nonpub. opn.].)

Stahl also appealed the order awarding Apex and Zone attorney fees incurred in the fee action. We affirmed. (*Stahl Law Firm v. Apex Medical Technologies, Inc.* (Aug. 26, 2020, D073155) [nonpub. opn.].)

3

In neither appeal did Stahl file a petition for review with the Supreme Court of California.

D.     *Post-Remittitur Events*

After we issued the remittitur in the appeal of the judgment, the superior court issued a minute order on November 2, 2020, stating: "The Court has received and reviewed the remittitur filed 10/28/20 and takes the following action: [¶] Damages of $312,385.20 previously awarded to Mark McGlothlin are stricken." The clerk crossed out on the judgment the amount of damages awarded to McGlothlin; inserted "0" above the crossed-out figure; and in an adjacent blank space wrote, "Damages of $312,385.20 awarded to Mark McGlothlin stricken per 11/2/20 minute order."

After we issued the remittitur in the appeal of the attorney fees order, the superior court issued a minute order on November 2, 2020, stating: "The Court has received and reviewed the remittitur filed 10/28/20 and takes no further action."

E.     *Current Appeal*

Stahl filed a notice of appeal from the judgment as amended on November 2, 2020. In his opening brief, he "requests that all damages, costs and interests [*sic*] awarded to McGlothlin, Apex and Zone by the Superior Court in the Judgment be vacated and set at $0, so that the sole relief is the amount in attorney's fees awarded." Stahl argues that after the prior appeal of the judgment, McGlothin obtained no relief on the cross-complaint, and therefore Stahl is the prevailing party entitled to costs. As to Apex and Zone, Stahl argues the damages awarded are not supported by the evidence and are inconsistent with the jury's findings.

Respondents filed a request for judicial notice and augmentation of the record by which they ask us to consider portions of the reporter's transcripts

4

from the prior appeal of the judgment. We deny the request because consideration of the materials is neither necessary nor helpful to our resolution of the appeal. (*Atempa v. Pedrazzani* (2018) 27 Cal.App.5th 809, 819.)

When we reviewed the record and the parties' briefs, questions arose about our jurisdiction to consider the appeal. We solicited and obtained from the parties letter briefs on whether the amended judgment is appealable and whether Stahl has standing to appeal it.

## II.

## DISCUSSION

We first must decide whether we have jurisdiction to consider Stahl's appeal. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 398 [appellate court must determine jurisdiction on its own motion].) Stahl argues the amended judgment is appealable and he has standing to appeal because the superior court entered a new judgment that aggrieved him by striking the damages the jury had awarded McGlothlin but erroneously leaving intact a provision of the judgment stating, "Judgment shall be, and hereby is, entered, in favor of cross-complainants [Apex, Zone, and McGlothlin], and against cross-defendant [Stahl] on the cause of action for breach of fiduciary duty in the cross-complaint." Respondents argue the amended judgment is not appealable because Stahl has raised only issues that were or could have been raised in the prior appeal of the judgment, in amending the judgment the superior court took no new action that could be challenged on a second appeal, and Stahl has no standing to appeal because the amendment did not injure him. As we shall explain, respondents have the better of this argument.

5

We begin with the jurisdictional rules applicable to this appeal. Jurisdiction over a direct appeal requires an appealable judgment or an appealable order. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; *Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1060.) Jurisdiction also requires a party with standing, i.e., a party who is injured by the judgment or order in a direct and substantial way. (*Dow v. Lassen Irrigation Co.* (2022) 75 Cal.App.5th 482, 487-488 (*Dow*); *Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 68.) Thus, unless the amended judgment is appealable and Stahl has standing to appeal, we have no jurisdiction and must dismiss the appeal. (*Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 769; *In re Marriage of Tushinsky* (1988) 203 Cal.App.3d 136, 143.)

The judgment as amended on November 2, 2020, is not appealable. The right to appeal is wholly statutory (*Sanchez v. Westlake Services, LLC* (2022) 73 Cal.App.5th 1100, 1105), and a judgment is appealable by statute (Code Civ. Proc., § 904.1, subd. (a)(1)). Case law nevertheless has imposed limits on appealability of judgments that have already been appealed. Our Supreme Court held nonappealable a judgment the superior court had entered in compliance with directions given in a prior appeal, and dismissed an appeal from the judgment. (*Heinlen v. Beans* (1887) 73 Cal. 240, 241.) The Supreme Court reasoned: "When this court, upon appeal, affirms the judgment of the court below, or directs the entry of a specific judgment, and such judgment is entered by the lower court as directed, the litigation is over and the case ended." (*Ibid.*) Citing *Heinlen*, the Court of Appeal held nonappealable a judgment the superior court had amended to include a modification ordered in a prior appeal, and dismissed an appeal from the amended judgment. (*Shank v. Blackburn* (1923) 61 Cal.App. 577, 579, 582 (*Shank*).) The Court of Appeal reasoned: "When the original judgment of the

6

superior court was modified by the district court of appeal and affirmed as modified, the litigation was over and the case was ended." (*Id.* at pp. 579-580.) The situation here is the same as that in *Shank*: after the remittitur issued, the superior court amended the judgment to include the modification we ordered in the prior appeal of the judgment by striking the damages awarded to McGlothlin. Thus, under *Shank* the amended judgment is not appealable.

Stahl contends he is entitled to a second appeal because the judgment as amended by the superior court continues to state judgment was entered in favor of McGlothlin and against Stahl on the breach of fiduciary duty count in the cross-complaint, and that statement is false in light of our modification of the judgment. The current appeal, says Stahl, is his first opportunity to address that error in the amended judgment and therefore should be allowed to proceed. We disagree.

Any second appeal from a judgment entered after a prior appeal "is limited to questions arising from the action of the trial court which were not involved in the prior appeal, such as whether the judgment entered by the trial court complied with the directions of the appellate court." (*Overstreet v. Butte County* (1962) 57 Cal.2d 504, 507.) McGlothlin's entitlement to a judgment against Stahl for breach of fiduciary duty was involved in the prior appeal, where we held McGlothlin was not entitled to any damages against Stahl and modified the judgment by striking the jury's award of $312,385.20 in damages. Although we did not direct the superior court to amend the judgment by striking out that award, in doing so the court did nothing inconsistent with our disposition of the prior appeal. There was no need for the superior court also to amend the judgment by deleting McGlothlin as a party in whose favor judgment was entered against Stahl on the cross-

7

complaint.  The clear legal effect of the modification we ordered, which the superior court correctly implemented by amending the judgment to reduce McGlothlin's damages award to $0, was to determine that McGlothlin was not entitled to a judgment against Stahl on the breach of fiduciary duty count of the cross-complaint.  (See *Slovensky v. Friedman* (2006) 142 Cal.App.4th 1518, 1534-1536 [client not entitled to judgment against attorney for breach of fiduciary duty that caused client no damage]; *Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 446, 456 [superior court properly entered judgment for defendant when defendant conceded negligence but jury awarded plaintiffs $0 in damages].)  "It is an ancient axiom that the law regards the substance of the words used rather than their form (Civ. Code, § 3528) and this rule is applied in construing the effect of judgments."  (*Schisler v. Mitchell* (1959) 174 Cal.App.2d 27, 29.)  "Accordingly, in effectuation of the [court's] clearly manifested intent, we should ignore those words," i.e., that judgment is entered in favor of McGlothlin and against Stahl on the cross-complaint, "just as if they had been physically deleted from the decree."  (*Verdier v. Verdier* (1953) 121 Cal.App.2d 190, 192.)

In arguing he is entitled to a second appeal, Stahl also asserts that by amending the judgment to delete McGlothlin's $312,385.20 damages award, the superior court " 'substantially change[d] the judgment' " and did not " 'simply correct[ ] a clerical error.' "  (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222; *CC-California Plaza Associates v. Paller & Goldstein* (1996) 51 Cal.App.4th 1042, 1048.)  Though correct, Stahl's characterization of the superior court's action does not lead to the conclusion the amended judgment is appealable.  By amending the judgment as it did, the superior court performed no *judicial* act that was not involved in the prior appeal; the court merely performed *ministerial* acts to conform its records to

8

this court's judicial action in deciding the prior appeal. No appeal lies from an amended judgment that does not "involve[ ] the exercise of a judicial function or judicial discretion" by the superior court. (*Nestlé Ice Cream Co., LLC v. Workers' Comp. Appeals Bd.* (2007) 146 Cal.App.4th 1104, 1109.) "[I]f the trial court has taken no action, we have nothing to review." (*Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 667 [judgment entered by clerk on acceptance of offer to compromise is not appealable].)

Stahl insists the superior court "***did*** take new action in the form of two Minute Orders, both of which issued on November 2, 202[0], after the last appeal." Stahl identified neither minute order in his notice of appeal, however, and only the order striking the damages awarded to McGlothlin took any action. We could liberally construe the notice of appeal to include that minute order, which was entered on the same day as the amended judgment identified in the notice of appeal and relates to the amendment. (Cal. Rules of Court, rule 8.100(a)(2); *Barriga v. 99 Cents Only Stores LLC* (2020) 51 Cal.App.5th 299, 321.) But doing so would not help Stahl because the order is not appealable.

An order made after an appealable judgment is appealable. (Code Civ. Proc., § 904.1, subd. (a)(2).) "Despite the inclusive language of Code of Civil Procedure section 904.1, subdivision [(a)(2)], not every postjudgment order that follows a final appealable judgment is appealable." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 (*Lakin*).) To be appealable, "the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment." (*Ibid.*; accord, *In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 78.) " 'The reason for this general rule is that to allow the appeal from [an order raising the same issues as those raised by the judgment] would have the effect of allowing two appeals from the same

9

ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment.'" (*Lakin*, at p. 651.) Allowing Stahl to appeal the minute order would violate this rule, because in the current appeal Stahl attacks the judgment on grounds that were raised and rejected in the prior appeal, namely, that the damages awards were inconsistent with the jury's findings and that respondents were not entitled to costs. Under *Lakin*, then, the minute order striking McGlothlin's damages award is not appealable.

Whether we consider the appeal taken from the amended judgment or from the corresponding minute order, there is another jurisdictional defect: Stahl's lack of standing. Only a "party aggrieved" by a judgment or order has standing to appeal it. (Code Civ. Proc., § 902; see *In re K.C.* (2011) 52 Cal.4th 231, 236; *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736; *Dow*, *supra*, 75 Cal.App.5th at pp. 487-488.) A party is aggrieved if the judgment or order injures the party's rights or interests in an immediate and substantial way. (*K.C.*, at p. 236; *County of Alameda*, at p. 737; *Dow*, at p. 488.) By amending the judgment to strike the $312,385.20 in damages the jury had awarded McGlothlin, the superior court did not harm Stahl; it benefitted him by reducing his liability to McGlothlin on the cross-complaint to $0. In light of that reduction, the court's failure also to delete McGlothlin from the list of parties identified as entitled to judgment against Stahl on the cross-complaint did not injure him "in an immediate and substantial way." (*K.C.*, at p. 236; cf. *Shoemaker v. Goldman* (1934) 2 Cal.App.2d 229, 231 [rejecting defendants' challenge to jury award of $1 in damages to plaintiff "upon principle that *de minimis non curat lex*"].) Stahl's contention the failure to make that deletion deprived him of his right to recover costs from McGlothlin as the party prevailing on the cross-complaint has no merit. As

we held in the prior appeal, McGlothlin was entitled to costs because he prevailed on Stahl's complaint. (See Code Civ. Proc., § 1032, subd. (a)(4) [prevailing party includes "a defendant where neither plaintiff nor defendant obtains any relief"]; *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450, 1454 ["when neither the plaintiff nor the defendant who has filed a cross-complaint prevails, the defendant is the prevailing party entitled to costs"].) Therefore, the amendment of the judgment and the corresponding minute order were in favor of Stahl, and he may not appeal them. (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947; *Jones & Matson v. Hall* (2007) 155 Cal.App.4th 1596, 1611.)

Finally, we note Stahl's recourse for his apparent dissatisfaction with our resolution of the prior appeal of the judgment was to file a petition for review in the Supreme Court of California. (Cal. Const., art. VI, § 12, subd. (b); Cal. Rules of Court, rule 8.500(a)(1); *Safaie v. Jacuzzi Whirlpool Bath, Inc.* (2011) 192 Cal.App.4th 1160, 1171.) But he did not do so. Stahl may not bypass that process and appeal the amended judgment or the corresponding minute order and thereby obtain what in effect would be a second appeal of the original judgment. (*Lakin*, *supra*, 6 Cal.4th at p. 651; *Shank*, *supra*, 61 Cal.App. at pp. 579-580.)

## III.

## DISPOSITION

The appeal is dismissed.

IRION, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.