Filed 3/16/23  Dannelley v. Wu CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN MICHAEL DANNELLEY and MARY A. DANNELLEY,<br><br>    Plaintiffs and Respondents,<br><br>      v.<br><br>HOWARD WU,<br><br>    Defendant and Appellant. | G062072<br><br>(Super. Ct. No. 30-2020-01161801)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andrew Minegar, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Appeal dismissed.

The Bensamochan Law Firm and Eric Bensamochan for Defendant and Appellant.

Beinert Katzman Littrell Williams, Anthony R. Bisconti and Carlos A. Nevarez for Plaintiffs and Respondents.

After allegedly losing a significant monetary investment in hotel and resort properties, and an anticipated return on such investment, respondents John Michael Dannelley and Mary A. Dannelley sued appellant Howard Wu and others for breach of contract, fraud, and unfair business practices, among other claims. Appellant answered the complaint. Thereafter, following multiple discovery related orders, the trial court granted an unopposed motion by respondents for terminating sanctions against appellant and struck his answer.

On June 28, 2022, the trial court entered a default judgment against appellant, awarding respondents approximately $3.3 million in damages. Respondents mail served a notice of entry of judgment on appellant a couple weeks later. Nearly five months later, on December 5, 2022, appellant filed a notice of appeal.

Prior to the filing of the appellate record, this Court stayed the appeal on its own motion and requested informal briefing from the parties concerning the timeliness of appellant's appeal. Having reviewed those briefs and evidence submitted in conjunction therewith, we conclude the appeal is untimely and must be dismissed.

## DISCUSSION

"Under California law, if an appeal is untimely, the appellate court has no jurisdiction to consider its merits and the appeal must be dismissed." (*Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 762; Cal. Rules of Court, rule 8.104(b).) When any party serves upon the party filing the notice of appeal a document entitled "'Notice of Entry' of judgment", the appealing party has 60 days to file a notice of appeal. (Cal. Rules of Court, rule 8.104(b).) If no such document is served by a party, and the court clerk does not mail a document similarly titled, a party has 180 days within which to file a notice of appeal. (*Ibid.*)

Here, respondents served appellant with a notice of entry of judgment on July 12, 2022 (the notice). The associated proof of service indicates the notice was

2

deposited for processing via regular mail, addressed to appellant at two different addresses.

Appellant does not claim any irregularity in respondents' service of the notice. He does not claim, for example, respondents failed to mail the notice or the addresses to which it was sent are incorrect. Instead, he asserts he never received the notice, and therefore he had 180 days from entry of judgment to file his appeal.

Receipt of a mailed notice of entry of judgment is not required to trigger the 60-day window to appeal. "[S]ervice is complete at the time the document is deposited in the mail. [Citation.] . . . [T]he sender does not have the burden of showing the notice was actually received by the addressee." (*Sharp v. Union Pacific R.R. Co.* (1992) 8 Cal.App.4th 357, 360; see also *Jackson v. Bank of America* (1983) 141 Cal.App.3d 55, 58-59 [upholding validity of notice of entry of default judgment despite failure to include floor or suite number of addressee located in "one of the largest buildings in Los Angeles"].) "[T]he risk of failure of the mail is on the addressee[.]" (*Meskell v. Culver City Unified School Dist.* (1970) 12 Cal.App.3d 815, 824.)

Seemingly recognizing the frailty of his non-receipt argument, appellant contends his appeal is timely because the default judgment is void. So his argument goes, the judgment is void because the trial court awarded damages which exceed the amount demanded in the complaint, and a void judgment may be attacked and set aside at any time.

Appellant misses the mark. A void final judgment is appealable. (*Conservatorship of Romo* (1987) 190 Cal.App.3d 279, 283.) Thus, an appeal from such a purported judgment must be timely even if the sole argument we are asked to consider is whether the judgment is void. (See *ibid.* [appeal from allegedly void appealable order must be timely]; *Shank v. Blackburn* (1923) 61 Cal.App. 577, 580-582 [dismissing untimely appeal from purportedly void judgment].) If, as here, the appeal from the judgment is untimely, a party's recourse is to seek relief from the trial court. (See *Rochin*

3

*v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239 [party may challenge void judgment by bringing motion to vacate it or filing action in equity seeking relief from it].)

Because respondents' notice of entry of judgment was effective to start the 60-day period for filing a notice of appeal, and because appellant's appeal was filed long after the 60 days expired, the appeal must be dismissed. (*Estate of Hanley* (1943) 23 Cal.2d 120, 123.)

## DISPOSITION

The appeal is dismissed. Respondents are entitled to their costs on appeal.


DELANEY, J.

WE CONCUR:


GOETHALS, ACTING P. J.


SANCHEZ, J.

4